UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-CV-00003-WYD-BNB

PAUL WILSON,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and
ICG COMMUNICATIONS, INC., LONG-TERM DISABILITY PLAN, an ERISA welfare benefit plan,

    Defendants.

## ORDER

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaims (docket #18), filed March 13, 2006. By way of background, Plaintiff is alleged to have sustained serious injuries from a non-work related motor vehicle accident while employed by Defendant ICG Communications ["ICG"] and covered under its Long-Term Disability ["LTD"] Plan. *See* Pl.'s Compl. at 3. Defendant Prudential Insurance Company of America ["Prudential"] initially agreed that Plaintiff was disabled and paid his LTD benefits for two years. *Id.* at 4. Then, by a letter dated August 31, 2004, Prudential terminated Plaintiff's claim for benefits. *Id.*

After various interactions between Plaintiff and Defendants undertaken to satisfy the exhaustion requirements of the Employee Retirement Income Security Act of 1974 ["ERISA"], Plaintiff filed a complaint against Defendants on January 3, 2006. The

complaint seeks recovery of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  *See id.* at 7-8.  The complaint also sues for alleged violations of Defendants' claim processing obligations under § 503 of ERISA.  On February 22, 2006, Defendants answered Plaintiff's complaint and asserted counterclaims against Plaintiff for breach of contract and unjust enrichment.  Answer to Compl. and Countercl. at 11-12.

II.     ANALYSIS

    A.     ERISA's Pre-emption and Catchall, Equitable Relief Exception Provisions

Plaintiff responded to Defendants' counterclaims by filing a Motion to Dismiss on March 13, 2006.  Plaintiff argues therein that Defendants' counterclaims should be dismissed because they are based on state law and, thus, pre-empted by ERISA § 514(a), 29 U.S.C. § 1144(a).  Pl.'s Mot. to Dismiss at 2.  ERISA § 514(a) states, in pertinent part, "Except as provided in subsection (b) of this section [the savings clause section], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. § 1144(a).

Well established law makes clear that claims based on state law which relate to an employee benefit plan are pre-empted by ERISA.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987).  "The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"  *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (quoting *Shaw v. Delta*

*Airlines, Inc.*, 463 U.S. 85, 97 (1983)).  Common law causes of action "undoubtedly meet the criteria for pre-emption under § 514(a)."  *Pilot Life Ins. Co.*, 481 U.S. at 48.  "Unless . . . common law causes of action fall under an exception to § 514(a), therefore, they are expressly pre-empted."  *Id.*

Defendants argue that their breach of contract and unjust enrichment claims fall within the exception to the general rule of pre-emption outlined in ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  *See* Defs.' Resp. to Pl.'s Mot. to Dismiss Countercls. at 3 [hereinafter Defs.' Resp.].  ERISA § 502(a)(3)(B) creates a catchall, equitable relief exception to § 514's general rule that state law claims are pre-empted by ERISA.  *See* 29 U.S.C. § 1132(a)(3)(B).  The statute states that a participant, beneficiary, or fiduciary may bring a civil action "to obtain other equitable relief to redress . . . violations or to enforce any provisions of" ERISA or an ERISA plan.  *Id.*; *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993).

Two United States Supreme Court cases guide my analysis of determining whether Defendants' counterclaims fall within the catchall, equitable relief exception.  First, in *Mertens*, the United States Supreme Court held that "equitable relief" under ERISA § 502(a)(3)(B) "refer[s] to those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  *Id.*, 508 U.S. at 256 (emphasis in the original).  "Money damages are, of course, a classic form of *legal* relief."  *Id.* at 255 (emphasis in the original).  In 2002, the Court revisited ERISA's catchall, equitable relief provision and clarified *Mertens* as precluding any claim, whether based in law or equity, where the relief sought is legal,

-3-

such as monetary damages.  *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-11 (2002).  In other words, the Court focused not on the claim brought but on the relief sought.  While some commentators believe that the Court erred by focusing on the relief sought, I must follow the Supreme Court's decisions.  *See, e.g.*, John H. Langbein, *What ERISA Means by "Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and Great-West*, 103 COLUM. L. REV. 1317 (2003).

Defendants' counterclaims against Plaintiff are for breach of contract and unjust enrichment.  Defs.' Answer and Countercl. at 11.  The relief Defendants seek is monetary damages in the amount of $344.08.  *See id.* at 12.  Since both claims are based in state law, I find that they are pre-empted by ERISA § 514(a), 29 U.S.C. § 1144(a).  Additionally, based on the Supreme Court's decisions in *Mertens* and *Great-West*, I conclude that Defendants' claims for breach of contract and unjust enrichment do not fall under the catchall, equitable relief exception outlined in § 502(a)(3)(B) because the relief sought is monetary damages.  Therefore, both claims are dismissed.

B.     Leave to Amend the Complaint

Defendants argue in the alternative that if the Court concludes that their counterclaims are pre-empted, they should be permitted to amend their counterclaims so as to state a viable claim under ERISA.  *See* Defs.' Resp. at 3.  Federal Rule of Civil Procedure "15(a) provides that leave to amend 'shall be freely given when justice so requires.'"  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*; *see also Brooks v. Bank of Boulder*, 911 F. Supp. 470, 473 (D. Colo. 1996). Plaintiff failed to state any grounds for opposing Defendants' request to amend their counterclaims by not filing a reply brief. Therefore, I grant Defendants' request for leave to amend their counterclaims to state a viable claim under ERISA.

II.   CONCLUSION

In conclusion, for the reasons set forth above, it is

ORDERED that Plaintiff's Motion to Dismiss Defendants' Counterclaims, dated March 13, 2006, is **GRANTED**. In accordance therewith, it is

ORDERED that Defendants' Counterclaims are **DISMISSED**. It is

FURTHER ORDERED that Defendants' request for leave to amend their counterclaims to state a viable claim under ERISA, included in Defendants' Response dated March 23, 2006, is **GRANTED**. Amended counterclaims shall be filed on or before **Thursday, August 10, 2006**.

Dated:  July 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge